**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TRACY WEBB f/k/a TRACY HOPE**, an individual, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ]   **2:12-cv-2920-KOB** |
| **v.** | ] |
| | ] |
| **MIDLAND FUNDING, LLC, a corporation, et al.,** | ] |
| | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

This matter comes before the court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint." (Doc. 16). The Defendants claim that Plaintiff Tracy Webb fails to state a claim under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and that Ms. Webb's state law claims also fail as a matter of law. For the reasons articulated below, the court disagrees with the Defendants and will DENY their motion to dismiss.

I.      STATEMENT OF FACTS

Midland is in the business of buying consumer debts and then attempting to collect on the debts through informal debt collection efforts or through proceedings in state court. The original creditor provides Midland only minimal information on the original debts, and the purchase agreement between Midland and the original creditor states that "there is no promise or representation as to the accuracy of the information sold to [Midland]." (Doc. 15, at 5).

On October 19, 2011, Midland sued Ms. Webb in the Small Claims Court of Jefferson County, Alabama, claiming that Ms. Webb owed $2,781.14 plus costs to Midland, the owner of a

debt originally owned by "CIT BANK." (Doc. 15, at 8).  Ms. Webb alleges that this lawsuit and hundreds others filed in Alabama were filed "with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant Midland cannot and will not prove it has any right to collect on." (Doc. 15, at 9).  Ms. Webb specifically alleges that Midland knew that she did not owe the debt sued on and misrepresented that a debt was owed. *Id.*  Ms. Webb also claims that Midland "made numerous misrepresentations and false statements in the lawsuit" and "misrepresented the amount owed." *Id.*  Finally, Ms. Webb alleges that she did not and does not owe the debt at issue and that Midland brought the suit "as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Midland in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers." *Id.* at 10.

Ms. Webb filed an answer in the state court suit on November 14, 2011, denying that she owed the debt at issue. The case went to trial, and Midland offered no proof, evidence, document, or witness at trial that supported its claim. *Id.* at 12-13. On January 9, 2012, the Honorable Robert P. Bynon, Jr. entered a judgment for Ms. Webb.

Ms. Webb also alleges that Midland falsely reported her credit before, during, and after the lawsuit.  Ms. Webb claims that Midland knew that she did not owe Midland money on the debt at issue and that it falsely reported on the debt anyway. *Id.* at 13.  Ms. Webb alleges that Midland knew that the natural consequences of filing the lawsuit and falsely reporting Ms. Webb's debt were that Ms. Webb would be "harassed, oppressed, and abused." *Id.* at 14. Additionally, Ms. Webb claims that Midland took the above actions "with malice, . . . willfully, and . . . with either the desire to harm Plaintiff and/or with the knowledge that their actions

2

would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/ or state law." *Id.* at 17.

Ms. Webb charges Midland with five separate counts in her Amended Complaint. (Doc. 15). Count I charges Midland with violations of the FDCPA, specifically sections § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692f(6). Count II charges Midland with invading Ms. Webb's privacy in violation of Alabama state law and federal law. Count III charges Midland with negligent, wanton, and/ or intentional hiring and supervision of incompetent debt collectors in violation of Alabama state law. Count IV charges Midland with wantonly and intentionally harming Ms. Webb, and Count V charges Midland with malicious prosecution and abuse of process in violation of Alabama state law.

II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations.

3

*Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than

the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted

as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

III.    LEGAL DISCUSSION

      Midland argues that Ms. Webb's FDCPA claim fails because the state court complaint

against Ms. Webb was not a communication under the FDCPA, and even if the filing of the

lawsuit was an implicit misrepresentation about the debt at issue, the FDCPA does not recognize

liability for implied misrepresentations. Midland also argues that Ms. Webb's invasion of privacy

claim is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b), and that Ms. Webb's

wanton and willfulness claim should be dismissed for lack of an underlying wrong. Finally,

Midland argues that the court should dismiss Ms. Webb's malicious prosecution and abuse of

process claim because the very fact Midland proceeded to trial contradicts the essential state of

mind elements for those causes of action.

      A.    FDCPA

      Section 1692e of the FDCPA states that "A debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt."

15 U.S.C. § 1692e.  Ms. Webb explicitly pled that Midland, a debt collector, acted in violation of

this mandate by misrepresenting that Ms. Webb owed the debt Midland was suing on when

Midland knew Ms. Webb did not actually know the debt. (Doc. 15, at 9).  Because Ms. Webb

pled that Midland made explicit misrepresentations in the collection of an alleged debt, this case

is distinguishable from the recent decision by Judge DuBose in the Southern District of Alabama.

*See Bandy v. Midland Funding*, 2013 WL 210730 (S.D. Ala. 2013) (granting motion to dismiss

on FDCPA claims because the plaintiff pled that Midland made implicit misrepresentations in

filing a debt collection lawsuit it knew was frivolous).  In *Bandy*, the plaintiff did not "allege that Midland knew or should have known that its claim was baseless, or that any information contained in the collection complaint was false or deceptive" *Id*. at *13. In contrast, in this case, Ms. Webb *explicitly* pled that "Defendant Midland knew Plaintiff did not owe the debt sued on" and that "Defendant Midland made numerous misrepresentations and false statements in the lawsuit." (Doc. 15, at 9).

In this case, Ms. Webb alleges that she never owed the debt at issue and that Midland knew she never owed the debt, which is sufficient to state a claim under the FDCPA. *See Morgan v. Midland Funding, LLC,* 2:12-cv-3846-RDP (N.D. Ala. Jan. 4,2013); *Kathy New v. Midland Funding, LLC,* 2:12-cv-3847-RDP (N.D. Ala. Jan. 11, 2013) (both denying Midland's motions to dismiss FDCPA claims because the plaintiff alleged a false communication and Midland's knowledge of the falsity of the communication).  Ms. Webb further alleges that not only did Midland institute and proceed in the suit against her in state court with the knowledge that she did not owe the debt, it also continued to report that Ms. Webb was delinquent on the debt despite knowledge and notice that she did not owe the debt. Because Ms. Webb alleged that Midland made explicit misrepresentations when it filed the collection lawsuit and falsely reported the debt, she has sufficiently stated a claim under the FDCPA.

B.    Invasion of Privacy

Midland argues that Ms. Webb's invasion of privacy claim for Midland's alleged false credit reporting is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  Specifically, Midland argues that Congress intended all state law invasion of privacy claims be preempted by the FCRA: "[N]o consumer may bring any action or proceeding in the

nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).  The Eleventh Circuit held that a furnisher of credit information is protected from state law invasion of privacy and defamation claims "unless the information it provided was both false *and* also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008) (per curiam). If, as Ms. Webb alleges, Midland reported the debt despite knowing that Ms. Webb did not owe the debt, then Midland willfully reported false information. Ms. Webb also alleges that Midland continued to report the debt after she had prevailed in the state court law suit, and that displays a willful intent to damage the consumer by reporting what Midland knew and what a judge had determined to be false information. Ms. Webb's allegations are sufficient to withstand the FRCA's preemption, at least at the motion to dismiss stage.

### C.   Wanton and Intentional Harm[1]

Midland argues that Ms. Webb's claim for wanton and intentional conduct consists of "nothing more than conclusory, unsupported allegations." The court disagrees. The Alabama Supreme Court has defined wantonness as "the conscious doing of some act or the omission of some duty which under knowledge of existing conditions and while conscious that, from the act or the omission of such duty, injury will likely be the probable result . . ." *Roberts v. Brown*, 384

---

[1] In her Amended Complaint, Ms. Webb withdrew her negligence claim. (Doc. 15, at 23 n. 4).

S.2d 1047, 1048 (Ala. 1980).  Ms. Webb alleges that Midland knew she did not owe the debt at issue and still pursued the collection action and reported the debt, negatively affecting her credit. This allegation is sufficient to state a claim against Midland because the probable result of Midland's intentional conduct was injury to Ms. Webb.

> D.    Negligent, Wanton, and/ or Intentional Hiring and Supervision of Incompetent Debt Collectors in Violation of Alabama State Law

Midland's only argument as to why the court should dismiss Ms. Webb's negligent hiring and supervision claim is that no underlying wrong exists to support the claim. As reflected above, the court finds the requisite underlying wrong sufficiently pled to support Ms. Webb's claim that Midland negligently, wantonly, and/ or intentionally hired, retained, or supervised incompetent debt collectors who were allowed or encouraged to violate the law.

> E.    Malicious Prosecution[2]

Midland argues that the court should dismiss Ms. Webb's malicious prosecution claim because a malicious prosecution claim cannot be based on a small claims action and because the factual allegations in the amended complaint contradict Ms. Webb's theory of "malice." Ms. Webb correctly points out that the Court of Civil Appeals of Alabama affirmed a malicious prosecution jury verdict based on a small claims action. *See AAA Employment, Inc. v. Weed*, 457 So. 2d 428 (Ala. Civ. App. 1984).  The court sees no reason to shy away from this Alabama precedent and adopt the California rule as put forward by Midland.

"To succeed in an action for malicious prosecution based upon a prior civil case, the

---

[2] In her Amended Complaint, Ms. Webb charged with Midland with malicious prosecution *and* abuse of process, but in her response, Ms. Webb withdrew her abuse of process claim. (Doc. 19, at 34, n.10).

plaintiff must prove these essential elements: (1) that a civil action was filed by the defendant against the plaintiff, (2) which was instigated by the defendant maliciously and (3) without probable cause (4) with the civil action being terminated favorably to the plaintiff, (5) who suffered damage as a proximate result of the suit." *AAA Employment*, 456 So. 2d at 430.

The parties do not dispute the first and fourth elements. The Alabama Supreme Court has defined malice as "[t]he intent, without justification or excuse to commit a wrongful act." *Ex parte Nall*, 879 So. 2d 541, 546 (Ala. 2003)(citing Instruction 29.01, Alabama Pattern Jury Instructions-Civil (2d ed. 1993) and Black's Law Dictionary, 968 (7th ed. 1999)). Ms. Webb alleged that Midland intentionally filed a lawsuit against her knowing that she did not owe the debt at issue, which is sufficient to allege that Midland acted with malice  As discussed above, Ms. Webb has also alleged that Midland did not have probable cause to bring the lawsuit because it knew that Ms. Webb did not owe the debt at issue when it brought the lawsuit. Finally, Ms. Webb alleges damage as a result of the state court case, and has thus sufficiently stated a viable cause of action for malicious prosecution.

IV.    CONCLUSION

Taking Ms. Webb's allegations as true, the court finds that she has sufficiently pled all five counts contained in her Amended Complaint. Thus, the court will DENY the Defendants' Motion to Dismiss in its entirety and simultaneously enter an order to that effect.

DONE and ORDERED this 29th day of January, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

9